UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DIANA W. ROGERS<br>TERRY J. ROGERS<br><br>VS.<br><br>THE HOME DEPOT, U. S. A., INC. | CIVIL ACTION NO. 07-1489<br><br>JUDGE HAIK<br><br>MAGISTRATE JUDGE METHVIN |

## JURISDICTIONAL REVIEW RULING

As required by a standing order of this court, the undersigned has reviewed the record and concludes that the jurisdictional amount has been established in this diversity case.

Plaintiffs allege that plaintiff Diana W. Rogers, while a customer at Home Depot, slipped over a wet and slippery spot of water and/or mud/slime/grease, causing her to fall backwards onto her tailbone and to severely injure herself. Plaintiffs further allege that Ms. Rogers sustained severe and disabling injuries to her back, plus the aggravation of any previous existing injuries she may have had, as well as severe mental anguish, emotional distress, inconvenience, and frustration over her injuries and resulting disability and that she has suffered a loss of enjoyment of life and lost wages and earning capacity. Plaintiffs allege that she has undergone medical treatment for an extended period of time. Plaintiffs seek damages for Ms. Rogers' physical pain and suffering (past, present, and future); mental anguish, emotional distress, inconvenience, and frustration (past, present, and future); loss of enjoyment of life; medical expenses (past, present, and future); loss of wages and/or earning capacity (past, present, and future); and disability. Terry J. Rogers, Ms. Rogers' husband, seeks damages for loss of consortium.

2

In its Notice of Removal, Home Depot submits the affidavit of its counsel, Douglas W. Redfearn, stating that plaintiffs' counsel has informed Home Depot that Ms. Rogers had back surgery as a result of her fall, that her medical bills exceed the jurisdictional amount of $75,000, and that plaintiffs will not stipulate that their damages are less than $75,000. Defendant also submits that quantum research discloses that awards in actions involving a single back surgery exceed $75,000. See, Cooper v. Offshore Exp., Inc., 717 F. Supp. 1180 (W.D. 1989); Williams v. City of Baton Rouge, 844 So.2d 360 (La. App. 1st Cir. 2003); Robin v. Allstate Indemnity Co., 889 So.2d 450 (La. App. 3rd Cir. 2004).

Given the nature of the injuries sustained by Ms. Rogers and the fact that she has undergone back surgery, the undersigned concludes that the jurisdictional amount has been established in this case.

Signed at Lafayette, Louisiana, on October 5, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)